AF Approval *DL for MB*                              Chief Approval

UNITED STATES DISTRICT COURT 2015 NOV 18  PM 2: 58
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION    U.S. DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
                          FORT MYERS, FLORIDA

UNITED STATES OF AMERICA

v.                                    CASE NO. 2:15-cr-159-FtM-99CM

MARIA VICTORIA LOPEZ

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, MARIA VICTORIA LOPEZ, and the attorney for the defendant, RUSSELL ROSENTHAL, ESQ. mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information.  Count One charges the defendant with Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349.

2.    Maximum Penalties

Count One carries a maximum sentence of twenty (20) years imprisonment, a fine of $250,000.00, or twice the gross gain or loss caused by the offense, whichever is greater, a term of supervised release of not more than three (3) years, and a special assessment of $100.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of

Defendant's Initials _____

the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

      3.    <u>Elements of the Offense</u>

      The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.

      The elements of Count One are:

**First**: two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud, as charged in the information; and

**Second**: the Defendant knew the unlawful purpose of the plan and willfully joined in it;

      The elements of mail fraud, 18 U.S.C. § 1341, are:

**First:** that the defendant knowingly devised or participated in a scheme to fraudulently obtain money or property, using false or fraudulent pretenses, representations, or promises;

**Second:** the false or fraudulent pretenses, representations, or promises were about a material fact;

**Third:** the defendant intended to defraud someone; and

**Fourth:** the defendant used the United States Postal Service by mailing or by causing to be mailed something meant to help carry out the scheme to defraud.

Defendant's Initials _____        2

4.    <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663(A) and (b), defendant agrees to make full restitution of at least $54,321.70 to the victim automobile insurance companies as determined by the Court.

7.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to

Defendant's Initials                        3

withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

    8.   <u>Acceptance of Responsibility - Three Levels</u>

       At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

       Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____       4

9.   <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10.   <u>Role in Offense - Downward Adjustment - Joint Recommendation</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant receive a downward adjustment of no more than two levels pursuant to USSG §3B1.2, regarding the defendant's role in the offense.  The parties understand that such a joint recommendation is not binding on the Court, and if not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

11.   <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in

Defendant's Initials  _____     5

this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____                    6

12.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

13.   Cooperation - Responsibilities of Parties

a.     The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _____              7

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

Defendant's Initials _____      8

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

14.     <u>Cooperation - Family Member</u>

While defendant agrees to cooperate fully with the United States, the United States will not require defendant to testify against family members on direct examination at trial.  However, defendant understands that defendant may be asked on cross-examination or rebuttal about the criminal activities of family

Defendant's Initials _____          9

members and understands and agrees to fully and truthfully answer any such questions.

    15.   <u>Forfeiture of Assets</u>

    The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, a money judgment in the amount of $54,321.70, representing the amount of proceeds obtained as a result of the offense charged in Count One.  The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

    The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly

Defendant's Initials _____        10

after accepting this Plea Agreement, the Court make a determination that the government has established the amount of the proceeds of the offense to which defendant is pleading guilty is $54,321.70 and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

Defendant's Initials _____                11

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

16. <u>Removal - Notification</u>

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of

Defendant's Initials _____                12

the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence.

**B.**   **Standard Terms and Conditions**

   1.   Restitution, Special Assessment and Fine

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

   On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this

Defendant's Initials _____          13

obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00 payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.      Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.      Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made

Defendant's Initials _____                    14

by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.    <u>Financial Disclosures</u>

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments,

Defendant's Initials _____   15

fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____        16

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____            17

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if

Defendant's Initials _____          18

defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

   11. <u>Factual Basis</u>

     Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

   From at least in or around October 2014 until at least in or around December 2014, in Collier County, in the Middle District of Florida, the defendant, Maria Victoria Lopez, conspired with others to defraud automobile insurance companies and to fraudulently obtain payment from those automobile companies.  During the above approximate time period, the defendant worked in billing and customer service at more than one clinic owned and operated by her

Defendant's Initials _____   19

co-conspirators, including at Immokalee Pain and Rehab LLC ("Immokalee Pain").

On October 10, 2014, a confidential source ("CS1") visited Immokalee Pain and Rehab, LLC ("Immokalee Pain"), in Immokalee, in the Middle District of Florida. Immokalee Pain was owned and operated by this criminal organization. The defendant was present at Immokalee Pain as was another co-conspirator ("co-conspirator X"). Prior to seeking treatment on that date, CS1, in the presence of the defendant, had a conversation with co-conspirator X who was not happy with CS1. Co-conspirator X accused CS1 of not holding up CS1 and another confidential informant's part of a deal (to receive treatment based on participation in a fake car accident) because the two individuals (confidential sources) had not been showing up for treatment after the fake accident as they had agreed. Co-conspirator X acknowledged that he kept his part of the deal and paid CS1 and the other confidential informant and that he expected them to show up for treatment at Immokalee Pain at least three times a week. During the conversation, the defendant coached CS1 as to what medical complaints CS1 should report to Immokalee Pain's chiropractor in order to continue to receive treatment. The defendant and co-conspirator X knew that CS1 did not in fact have any injuries requiring medical treatment and that Immokalee Pain would bill an automobile insurance company for that medically unnecessary treatment after it was rendered to CS1 by Immokalee Pain's chiropractor.

Defendant's Initials _____          20

In addition, having heard the discussion between CS1 and co-conspirator X, the defendant directed CS1 not to tell his insurance company about the arrangement with co-conspirator X to be paid for receiving unnecessary medical treatment at Immokalee Pain.  CS1 did as directed by co-conspirator X and the defendant and received medically unnecessary treatment.  Immokalee Pain later submitted false and fraudulent claims to an automobile insurance company for payment for these unnecessary services rendered to CS1.  The claim form was submitted via United States Mail to an automobile insurance company located outside the State of Florida.

On October 21, 2014, the defendant had a conversation with another individual, also acting as a confidential source (CS3), about the fraudulent practices witnessed by the defendant at Immokalee Pain. The defendant provided details about how the chiropractor working at Immokalee Pain was not doing the required therapies and how treatment forms were being submitted to automobile insurance companies for payment for treatment not rendered. The defendant admitted to CS3 that she was coached to mislead others about the true ownership of the clinic, in that she was directed to state that Immokalee Pain was owned by a chiropractor and not non-health professionals who were actually the true owners of said clinic. The defendant also stated that non-health professionals were dictating medical treatments at Immokalee Pain in order to maximize claims for payment to automobile insurance companies.

Defendant's Initials _____                    21

Immokalee Pain was not properly licensed under Florida law and was not exempt from Florida's licensing requirements.  The true ownership of the clinic was material information and the automobile insurance companies would not have made payment to Immokalee Pain had they known that the true ownership was concealed from them. As such, every claim submitted to automobile insurance companies by Immokalee Pain was an illegal and unlawful claim.  In addition, automobile insurance companies would not have made payment to Immokalee Pain for any treatment that was rendered but was not medically necessary and would not have made payment for services that were not actually provided.

A Special Agent from the Internal Revenue Service, Criminal Investigation, obtained and reviewed bank records for Immokalee Pain.  According to the IRS Special Agent, he examined all insurance checks deposited into the bank accounts used by Immokalee Pain for the time period of approximately October 9, 2014 through approximately December 23, 2014 based on the deposit date and not the date on the face of the check.  The Special Agent excluded initial deposits into the Immokalee Pain account on October 8, 2014 and excluded any deposit that did not appear to be related to a billed insurance claim.  Some of the excluded transactions included transfers between accounts, re-deposited checks and attorney checks.  As a result, according to the IRS, from approximately October 2014 until December 2014, automobile insurance companies experienced actual loss, that is reasonably foreseeable pecuniary harm, of

Defendant's Initials _____      22

approximately $54,321.70.  The actual loss was foreseeable to the defendant and the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense.

From approximately June 2014 until April 2015, Immokalee Pain billed automobile insurance companies and requested payment of at least approximately $178,234.38.  The defendant purposely sought to inflict pecuniary harm for claims submitted for payment for services rendered between and including approximately October 2014 and December 2014.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials                     23

13.   Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this _____18th_____ day of November, 2015.

A. LEE BENTLEY, III
United States Attorney

_____
Maria Victoria Lopez
Defendant

By: _____
David G. Lazarus
Assistant United States Attorney

_____
Russell K. Rosenthal, Esq.
Attorney for Defendant

_____
Michael C. Baggé-Hernández
Assistant United States Attorney
Asset Forfeiture

_____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

Defendant's Initials _____                    24