UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:15-cr-159-FtM-38CM

MARIA VICTORIA LOPEZ
_____/

**<u>ORDER</u>**[1]

Before the Court is the United States' Motion to Vacate Forfeiture Money Judgment, which Defendant Maria Victoria Lopez does not oppose. (Doc. 62).

On November 18, 2015, the Government filed an Information against Lopez for conspiracy to commit mail fraud in connection with a health care offense in violation of 18 U.S.C. § 1349. (Doc. 15). She pled guilty to the offense, which the Court accepted. (Doc. 24). The Government then moved for a forfeiture money judgment against Lopez. (Doc. 32). The Court granted the motion and entered a Forfeiture Money Judgment per 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The Judgment holds Lopez jointly and severally liable with her co-conspirators for $54,321.70. (Doc. 33).

The Government now moves to vacate the judgment because of the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). In that case, the Supreme Court held that co-conspirators cannot be jointly and severally liable for forfeiture purposes under 21 U.S.C. § 853(a)(1), which is the forfeiture statute for drug

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

crimes. Although the forfeiture statue applicable to Lopez differs from the forfeiture statute in *Honeycutt*, the Government maintains that *Honeycutt* applies equally to the forfeiture statutes applicable in this case. The Court agrees. *See United States v. Carlyle*, 712 F. App'x 862, 864 (11th Cir. 2017) ("Although the forfeiture statute at issue in *Honeycutt* . . . is not the same forfeiture statute at issue here, 18 U.S.C. § 981(a)(1)(C), the two statutes are largely the same in terms of their pertinent language, and so it appears that the Supreme Court's decision would apply to [§ 981(a)(1)(C)]" too); s*ee also United States v. Elbeblawy*, 899 F.3d 925, 941-42 (11th Cir. 2018) (holding that 18 U.S.C. § 982(a)(7) "does not permit joint and several liability."). The Court thus grants the Government's motion.

Accordingly, it is now

**ORDERED:**

(1) The United States' Motion to Vacate Forfeiture Money Judgment (Doc. 62) is **GRANTED**.

(2) The Forfeiture Money Judgment (Doc. 33) is **VACATED**.

(3) The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of Court Financial Department.

**DONE AND ORDERED** in Fort Myers, Florida on this 26th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record